WILLKIE FARR & GALLAGHER LLP
Gregory S. Bruch (admitted *pro hac vice*)
gbruch@willkie.com
Julie A. Smith (CA Bar #147178)
jasmith@willkie.com
Jessica L. Matelis (admitted *pro hac vice*)
jmatelis@willkie.com
1875 K Street, NW
Washington, D.C. 20006
Tel: 202-303-1000
Fax: 202-303-2000

Attorneys for Defendant
A. Scott Keys

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION AT LOS ANGELES

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL W. PERRY and A. SCOTT KEYS<br><br>　　　　　　　　Defendants. | Case No. CV-11-01309-R<br><br>**NOTICE OF DEFENDANT A. SCOTT KEYS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND JOINDER IN DEFENDANT MICHAEL W. PERRY'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: May 21, 2012<br>Time: 10:00 AM<br>Judge: Hon. Manuel L. Real<br>Courtroom: 8 |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

　　　　PLEASE TAKE NOTICE that Defendant A. Scott Keys ("Keys"), by and through his undersigned counsel, hereby joins Defendant Michael W. Perry's Motion

for Summary Judgment, Memorandum of Points and Authorities in Support, and Statement of Uncontroverted Facts and Conclusions of Law ("Motion").

### I. Mr. Keys Joins Mr. Perry's Motion in Part

Mr. Keys joins Mr. Perry's Motion except as to Section III.D of Mr. Perry's Memorandum of Points and Authorities in Support of Motion for Summary Judgment (claims based on the DSPP prospectus). As to those arguments, Mr. Keys joins Mr. Perry's arguments regarding the disclosure of the DSPP in the Form 10-K to the extent that the present tense statement in the 2007 Form 10-K regarding the use and existence of the DSPP put investors on notice that it was a continuing offer of securities that could occur at any time, pursuant to the Form S-3 shelf registration.

### II. Mr. Keys Joins Mr. Perry's Statement of Uncontroverted Facts and Conclusions of Law in Part

Mr. Keys joins in Mr. Perry's Statement of Uncontroverted Facts except for those in Section II, which pertain to Mr. Perry's stock holdings, paragraph 21 of Section IV, which pertains only to Mr. Perry, and paragraphs 36 and 37 of Section VI, which pertain to events that occurred after Mr. Keys took a medical leave of absence from IndyMac beginning on April 24, 2008. Mr. Keys joins in Mr. Perry's Conclusions of Law except for those in paragraphs 8 and 9.

### III. Mr. Keys is Entitled to Partial Summary Judgment

Mr. Keys is also entitled to partial summary judgment for the reasons stated in paragraphs 2-7 of Mr. Perry's Conclusions of Law.

### IV. Mr. Keys Is Entitled to Summary Judgment on the SEC's Prayer for Disgorgement

Mr. Keys is also entitled to summary judgment on the SEC's prayer for disgorgement. The SEC has sought no discovery from Mr. Keys on this issue, has developed no testimony in pre-trial or investigative depositions, and uncovered no

evidence of "ill-gotten gains" subject to disgorgement over the past three years of investigation.

That the SEC cannot support its disgorgement claim is further established by the undisputed facts that Mr. Keys (a) acquired $100,000 in IndyMac shares in 2007; (b) held 201,328 vested stock options during the relevant period; (c) did not sell any IndyMac shares in 2007 or 2008; (d) received no bonus compensation based on his 2008 performance; and (e) lost the full value of his Bancorp holdings when the company filed for bankruptcy in 2008. *See* Declaration of A. Scott Keys in Support of Motion for Summary Judgment.

## V. Conclusion

For the foregoing reasons and those stated in Mr. Perry's Motion for Partial Summary Judgment, the Court should grant partial summary judgment and dismiss the SEC's First, Second and Third Claims for Relief against Mr. Keys as to IndyMac Bancorp's February 12, 2008 Form 8-K and February 29, 2008 Form 10-K, as well as the SEC's prayer for disgorgement.

Respectfully submitted,

DATED: April 6, 2012

By: *Julie A. Smith*
Julie A. Smith
CA Bar #147178

WILLKIE FARR & GALLAGHER LLP
1875 K St., N.W.
Washington DC 20006

Attorneys for Defendant A. Scott Keys