WILLKIE FARR & GALLAGHER LLP
Gregory S. Bruch (admitted *pro hac vice*)
(gbruch@willkie.com)
Julie A. Smith (CA Bar # 147178)
(jasmith@willkie.com)
Jessica L. Matelis (admitted *pro hac vice*)
(jmatelis@willkie.com)
Katherine D. Hanniford (admitted *pro hac vice*)
(khanniford@willkie.com)
1875 K Street, N.W.
Washington, DC  20006-1238
Tel. 202-303-1000
Fax 202-303-2000

Attorneys for Defendant A. Scott Keys

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION AT LOS ANGELES

| | |
|---|---|
| SECURITIES and EXCHANGE COMMISSION<br><br>                    Plaintiff,<br><br>         vs.<br><br>MICHAEL W. PERRY and A. SCOTT KEYS<br><br>                    Defendants. | Case No.  CV11-01309-R (JCx)<br><br>**DEFENDANT A. SCOTT KEYS' REPLY TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO KEYS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br><br>Date:  May 21, 2012<br>Time: 10:00 AM<br>Judge: Hon. Manuel L. Real<br>Courtroom:  8 |

# **TABLE OF CONTENTS**

I. Mr. Keys Joins Mr. Perry's Reply Brief ............................................................... 1

II. In the Absence of Any Opposition Mr. Keys Is Entitled to Summary Judgment on the SEC's Prayer for Disgorgement ................................................ 1

III. Conclusion ............................................................................................................ 3

DEFENDANT A. SCOTT KEYS' REPLY TO PLAINTIFF
SECURITIES AND EXCHANGE COMMISSION'S
OPPOSITION TO KEYS' MOTION FOR PARTIAL
SUMMARY JUDGMENT
CASE NO. CV-11-01309-R

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Celotex Corporation v. Catrett*, 477 U.S. 317 ............................................................. 1, 2

*SEC v. First Pacific Bancorp*, 142 F.3d 1186 (9th Cir. 1998) ................................... 2, 3

*SEC v. Leslie*, No. C 07-3444, 2010 U.S. Dist. LEXIS 84906, at *4-6 (N.D. Cal. Aug. 18, 2012) ............................................................................................................ 2

*SEC v. Miller*, 2006 U.S. Dist. LEXIS 56413 (N.D. GA. July 31, 2006) ...................... 2

**DEFENDANT A. SCOTT KEYS' REPLY TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO KEYS' MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV-11-01309-R**

ii

Plaintiff Securities and Exchange Commission ("SEC") has not opposed Mr. Keys' separate motion for summary judgment on disgorgement, nor has it placed facts in dispute that Mr. Keys asserted were undisputed. This Court can and should grant Mr. Keys' motion for partial summary judgment under Rule 56(e) of the Federal Rules of Civil Procedure.

## I.  Mr. Keys Joins Mr. Perry's Reply Brief

Mr. Keys joins Sections I.A, B, C, D and E of Mr. Perry's Reply Brief in their entirety.[1]

## II.  In the Absence of Any Opposition Mr. Keys Is Entitled to Summary Judgment on the SEC's Prayer for Disgorgement

Mr. Keys filed a motion for partial summary judgment as to disgorgement, which listed undisputed facts relating to his stock holdings and compensation, establishing that he did not receive ill-gotten gains, and that the SEC "has sought no discovery from Mr. Keys on this issue, has developed no testimony in pre-trial or investigative depositions, and uncovered no evidence of 'ill-gotten gains' subject to disgorgement over the past three years of investigation," (Keys' Motion at 2-3; Declaration of A. Scott Keys in Support of Motion for Summary Judgment ("Keys Declaration").)

While Mr. Keys bears the responsibility for asserting the basis of his motion, the non-moving party is then required to "go beyond the pleadings" and present evidence that demonstrates there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Rule 56(e) of the Federal Rules of Civil Procedure ("Failing to Properly Support or Address a Fact") permits the Court to give Plaintiff (1) another opportunity to address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant the motion if the movant is entitled to it based on the

---

[1] Although the SEC's Opposition suggests that its allegations regarding the suspension of the dividends on preferred securities apply to Mr. Keys, the Complaint contains no such allegation. See Plaintiff's Opposition at 20.

**DEFENDANT A. SCOTT KEYS' REPLY TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO KEYS' MOTION FOR PARTIAL SUMMARY JUDGMENT**
**CASE NO. CV-11-01309-R**

1  undisputed facts; or (4) issue any other appropriate order.  "In cases like the instant
2  one, where the nonmoving party will bear the burden of proof at trial on a dispositive
3  issue, a summary judgment motion may properly be made in reliance solely on the
4  pleadings, depositions, answers to interrogatories, and admissions on file. . . . Rule
5  56(e) therefore requires the nonmoving party to go beyond the pleadings and by her
6  own affidavits, or by the depositions, answers to interrogatories, and admissions on
7  file, designate specific facts showing that there is a genuine issue for trial." *Celotex*,
8  447 U.S. at 324 (internal citations omitted).

9        Plaintiff has failed to make any showing of any quantity or source of ill-gotten
10  gains.  It is completely silent as to Mr. Keys' motion regarding disgorgement in its
11  Opposition, Statement of Genuine Issues of Fact and of Additional Material Facts that
12  Preclude Summary Judgment ("Statement"), and Declaration of Nicholas S. Chung
13  and accompanying exhibits.  In its Statement and Declaration, Plaintiff cited no facts,
14  knowledge, affidavits, depositions, or other evidence relating to Mr. Keys' stock
15  ownership, compensation, or other "ill-gotten gains" that could possibly be subject to
16  disgorgement, nor does it link any of the many documents it does cite to the issue of
17  Mr. Keys' alleged unjust enrichment.

18        Plaintiff has not cited any 9th Circuit authority supporting a contention that
19  disposing of remedies at summary judgment phase is inappropriate for purposes of
20  Rule 56(e).  On the contrary, federal district courts may dispose of prayers for
21  disgorgement relief on a defendant's motion for summary judgment in SEC
22  enforcement cases.  *See, e.g.*, *SEC v. Leslie*, No. C 07-3444, 2010 U.S. Dist. LEXIS
23  84906, at *4-6 (N.D. Cal. Aug. 18, 2012); *see also SEC v. Miller* 2006 U.S. Dist.
24  LEXIS 56413, at *45 (N.D. GA. July 31, 2006) (granting summary judgment for the
25  defendant on five of the six theories of disgorgement).

26

27        **DEFENDANT A. SCOTT KEYS' REPLY TO PLAINTIFF**
      **SECURITIES AND EXCHANGE COMMISSION'S**
28        **OPPOSITION TO KEYS' MOTION FOR PARTIAL**
      **SUMMARY JUDGMENT**
      **CASE NO. CV-11-01309-R**

Disgorgement is "designed to deprive a wrongdoer of unjust enrichment, and to deter others from violating securities laws by making violations unprofitable." *SEC v. First Pacific Bancorp,* 142 F. 3d 1186, 1191 (9th Cir. 1998). Mr. Keys has shown that he was not unjustly enriched and that he did not profit from alleged securities violations. Plaintiff has neither offered "a reasonable approximation of profits" nor responded at all to Mr. Keys' motion as to disgorgement. *(SEC v. First Pacific Bancorp*, 142 F. 3d at 1192 n.6.) Mr. Keys is entitled to summary judgment on the SEC's prayer for disgorgement.

### III. Conclusion

Based on the foregoing reasons and those stated in Mr. Perry's Reply Brief, the Court should grant partial summary judgment and dismiss the SEC's First, Second, and Third Claims for Relief against Mr. Keys as to IndyMac Bancorp's February 12, 2008 Form 8-K and February 29, 2008 10-K, as well as the SEC's prayer for disgorgement.

Respectfully submitted,

DATED: May 7, 2012                     By: /s/Jessica L. Matelis
                                            Jessica L. Matelis
                                            (admitted *pro hac vice*)

                                       WILLKIE FARR & GALLAGHER LLP
                                       1875 K St., N.W.
                                       Washington, D.C. 20006
                                       Attorneys for A. Scott Keys

**DEFENDANT A. SCOTT KEYS' REPLY TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO KEYS' MOTION FOR PARTIAL SUMMARY JUDGMENT**
**CASE NO. CV-11-01309-R**

**PROOF OF SERVICE**

I, the undersigned, declare as follows:

I am an employee of the law firm of Willkie Farr & Gallagher LLP, whose address is 1875 K Street, NW, Washington, D.C. 20006. I am readily familiar with the business practices of this office for collection and processing of correspondence; I am over the age of eighteen years and not a party to this action.

On May 7, 2012, I served the following:

A. SCOTT KEYS' REPLY TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO KEYS' MOTION FOR PARTIAL SUMMARY JUDGMENT

on the parties in this action by placing true and correct copies thereof as indicated below, addressed as follows:

| | |
|---|---|
| Donald W. Searles, Esq.<br>searlesd@sec.gov<br>Nicholas S. Chung, Esq.<br>chungni@sec.gov<br>Securities and Exchange Commission<br>5670 Wilshire Boulevard, 11th Floor<br>Los Angeles, CA 90036<br>Tel: (323) 965-3998<br>Fax: (323) 965-3908<br>*Counsel for Securities and Exchange Commission* | D. Jean Veta, Esq.<br>jveta@cov.com<br>Benjamin J. Razi, Esq.<br>brazi@cov.com<br>Alexander L. Ellenberg, Esq.<br>aellenberg@cov.com<br>Covington & Burling LLP<br>1201 Pennsylvania Ave., NW<br>Washington, DC 20004<br>Tel: (202) 662-6000<br>Fax: (202) 662-6291<br>*Counsel for Michael W. Perry* |

☐ (BY MAIL). I placed true copies thereof in sealed envelopes, addressed as shown, for collection and mailing pursuant to the ordinary business practice of this office which is that correspondence for mailing is collected and deposited with the United States Postal Service on the same day in the ordinary course of business.

☐ (BY OVERNIGHT MAIL). I placed true copies thereof in sealed envelopes, addressed as shown, for collection and mailing pursuant to the ordinary business practice of this office which is that correspondence for Federal Express mailing is collected by Federal Express on the same day in the ordinary course of business.

DEFENDANT A. SCOTT KEYS' REPLY TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO KEYS' MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV-11-01309-R

- 4 -

1  ■ (BY ELECTRONIC MAIL). I caused such document(s) to be delivered by electronic mail to the addressee(s).

2
3  I declare under penalty of perjury that the foregoing is true and correct and that this proof of service was executed on May 7, 2012 in Washington, D.C.

4
5
6                                    By: /s/Jessica L. Matelis
                                     Jessica L. Matelis
7                                    (admitted *pro hac vice*)

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27                                    DEFENDANT A. SCOTT KEYS' REPLY TO PLAINTIFF
                                     SECURITIES AND EXCHANGE COMMISSION'S
28                                   OPPOSITION TO KEYS' MOTION FOR PARTIAL
                                     SUMMARY JUDGMENT
                                     CASE NO. CV-11-01309-R

- 5 -