DONALD W. SEARLES, Cal. Bar No. 135705
E-mail: searlesd@sec.gov
NICHOLAS S. CHUNG, Cal. Bar No. 192784
E-mail: chungni@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John M. McCoy III, Associate Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL W. PERRY and A. SCOTT KEYS,<br><br>Defendants. | Case No. CV-11-01309-R<br><br>**CONSENT OF DEFENDANT MICHAEL W. PERRY** |

1. Defendant Michael W. Perry ("Defendant"), having been served with the summons and Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment Against Defendant Michael W. Perry in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant from violation of Section 17(a)(3) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a)(3); and

    (b) orders Defendant to pay a civil penalty in the amount of $80,000 under Section 20(d)(1) of the Securities Act, 15 U.S.C. § 77t(d)(1).

3. Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with

a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.     Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

DATED: September 20, 2012   _____
Michael W. Perry

State of California
County of Los Angeles

On September 20, 2012 before me, G. J. Bristow, Notary Public (here insert name and title of the officer), personally appeared Michael W Perry, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

G. J. BRISTOW
Commission # 1887545
Notary Public - California
Los Angeles County
My Comm. Expires Apr 27, 2014

Approved as to form:

_____
D. Jean Veta, Esq.
Benjamin J. Razi, Esq.
Dennis B. Auerbach, Esq.
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004-2401
Telephone: (202) 662-6000
Attorneys for Defendant Michael W. Perry

4

# **PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action.  My business address is:

[X]  U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On September 27, 2012, I caused to be served the document entitled **CONSENT OF DEFENDANT MICHAEL W. PERRY** on all the parties to this action addressed as stated on the attached service list:

[ ]  **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

   [ ]  **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

   [ ]  **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]  **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]  **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[ ]  **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]  **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]  **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: September 27, 2012                                /s/ Donald W. Searles
                                                        Donald W. Searles

1

**SEC v. MICHAEL W. PERRY and A. SCOTT KEYS**
United States District Court – Central District of California
Case No. 2:11-cv-01309-R (JCx)

SERVICE LIST

**Counsel for Michael W. Perry:**
D. Jean Veta, Esq. **(served via CM/ECF only)**
Benjamin J. Razi, Esq. **(served via CM/ECF only)**
Dennis B. Auerbach, Esq. **(served via CM/ECF only)**
David B. Bayless **(served via CM/ECF only)**
Jason Levine, Esq. **(served via CM/ECF only)**
Nishchay H. Maskay, Esq. **(served via CM/ECF only)**
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
jveta@cov.com
brazi@cov.com
dauerbach@cov.com
dbayless@sev.com
jlevine@cov.com
nmaskay@cov.com

Anthony M. Glassman, Esq. **(served via CM/ECF only)**
Glassman, Browning, Saltsman & Jacobs, Inc.
360 North Bedford Drive, Suite 204
Beverly Hills, CA 90210
amg@gbsjlaw.com

John C. Keith, Esq. **(served via CM/ECF only)**
Louis E. Kempinsky **(served via CM/ECF only)**
Valensi Rose PLC
1888 Century Park East, Suite 1100
Los Angeles, CA 90067
jck@vrmlaw.com
lek@vrmlaw.com

**Counsel for A. Scott Keys:**
Gregory S. Bruch, Esq. **(served via CM/ECF only)**
Jessica L. Matelis, Esq. **(served via CM/ECF only)**
Julie A. Smith, Esq. **(served via CM/ECF only)**
Katherine D. Hanniford **(served via CM/ECF only)**
Willkie Farr & Gallagher LLP
1875 K Street, NW
Washington, D.C. 20006-1238
GBruch@willkie.com
JMatelis@willkie.com
jasmith@willkie.com
khanniford@willkie.com

John L. Carlton, Esq. **(served via CM/ECF only)**
Medrano & Carlton
555 W. Fifth Street, 31st Floor
Los Angeles, CA 90013
jcarlton@medranocarlton.com